UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE: )
)
KELVIN EUGENE EDMUNDS ) CASE NO.: 06-10867
GLENDA FAYE EDMUNDS )
Debtor(s) )

## MEMORANDUM-OPINION

This matter is before the Court on the Motion to Strip Off Junior Lien of T.J. Samson Community Hospital ("T.J. Samson") of Debtors Glenda Faye Edmunds and Kelvin Eugene Edmunds ("Debtors"). The Court considered the arguments of counsel at the hearing held on the matter and the post-hearing brief of the Debtors. For the following reasons, the Court **DENIES** the Motion.

## FACTUAL BACKGROUND

Creditor T.J. Samson has a judgment lien in the amount of $514.71 against the Debtors. The lien is of record in the Office of the Clerk of Barren County.

Debtors own a lot and mobile home that they use as their principal residence ("the Property"). The fair market value of the property is $63,000. Debtors paid $6,000 for the Property in 1997. Greentree has a senior mortgage on the Property in the amount of $49,613.96. Debtors claimed an exemption on the Property in the amount of $13,386.04 pursuant to 11 U.S.C. §522(d)(1).

## LEGAL ANALYSIS

Debtors seek to strip off the lien of T.J. Samson pursuant to 11 U.S.C. §522(f). Debtors contend the lien of T.J. Samson impairs their homestead exemption. Debtors further contend T.J. Samson's claim is unsecured and thus may be stripped off under §522(f).

It is clear under Sixth Circuit authority that a wholly unsecured junior mortgage on the Debtors' principal residence is not protected from modification by 11 U.S.C. §1322(b)(2). In re Lane, 280 F.3d 663, 664 (6th Cir. 2002). One must first determine whether a lien claimant is the holder of a "secured claim" or "unsecured claim" depending upon whether the claimant's security interest has any actual value. See, Nobleman v. American Savings Bank, 508 U.S. 324 (1993) and 11 U.S.C. §506(a). If the lien has any value, regardless of how small, it is considered a "secured claim" and the lienholder's rights cannot be modified by a Chapter 13 Plan. In re Lane, 280 F.3d at 669.

The lien of T.J. Samson is not valueless because there is equity in the Property. Considering the fair market value of the Property, the lien of Greentree and T.J. Samson's lien, there is equity to which T.J. Samson's lien can and does attach. Therefore, it cannot be stripped off.

Debtors contend §1322(b)(2) and In re Lane, do not apply because the lien could attach to any real estate, not just the Debtors' principal residence. Their argument is that since §1322(b)(2) provides that a plan may "modify the rights of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence . . .," then the lien may apply to other property including personal property. They emphasize the word "only" in the statute. There is no evidence in the record that the Debtors' mobile home and the lot are not real property. Further, Debtors cited no authority in support of their position or authority contrary to In re Lane.

Conversely, it is clear to this Court that the facts of this case fall clearly within the ambit of In re Lane. Since there is equity in the Property, the lien is considered secured and it cannot be stripped off. Accordingly, the Debtors' Motion must be denied.

## **CONCLUSION**

For the above reasons, the Motion to Strip of Junior Lien of T.J. Samson Community Hospital is **DENIED**. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

## UNITED STATES BANKRUPTCY COURT
## FOR THE
## WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KELVIN EUGENE EDMUNDS | ) | CASE NO.: 06-10867 |
| GLENDA FAYE EDMUNDS | ) | |
| Debtor(s) | ) | |

## **ORDER**

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference, the Motion to Strip Off Junior Lien of T.J. Samson Community Hospital, be and hereby is, **DENIED**.